UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

THEODORE HOWARD,

    Plaintiff,

v.

L. LACKEY,

    Defendant.

Civil Action No. 7:16-129-KKC

**MEMORANDUM OPINION & ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Theodore Howard is confined at the United States Penitentiary-Big Sandy in Inez, Kentucky. Proceeding without an attorney, Howard filed a civil rights action against a federal official pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1]. Defendant, Lana Lackey, has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [R. 22]. Howard has filed a response [R. 28] and Lackey has filed a reply. [R. 29]. Thus, this matter has been fully briefed and is ripe for review.

For the reasons set forth below, the Court will grant Lackey's motion to dismiss and dismiss Howard's claims.

    **I.**    **Factual Background**

Although Howard's handwritten Complaint is somewhat difficult to read, from what the Court is able to ascertain, Howard alleges that, in 2014, he was attempting to pursue claims of prosecutorial misconduct and ineffective assistance of counsel claims in his underlying criminal case, *United States v. Howard*, No. 1:07-cr-674-2 (N. D. Ill. 2007), via a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2255, *United States v. Howard*, No. 1:13-cv-7819 (N.D. Ill. 2013). [R. 1 at p. 2]. In connection with these efforts, Howard alleges that, on or about

May 27, 2014, he was sent trial and sentencing transcripts from the United States District Court for the Northern District of Illinois. [*Id.*]. According to Howard, Defendant Lana Lackey, a legal mail secretary at USP-Big Sandy, signed the USP-Big Sandy legal mail log book for the transcripts, but failed to tender these transcripts to Howard. [*Id.*]. Howard claims that an investigation into the matter made at his request showed that Lackey lost, misplaced, or discarded the transcripts that were sent to him from the federal court in Illinois. [*Id.* at p. 3]. Howard alleges that Lackey has violated the Bureau of Prisons ("BOP") Program Statement 5800.10 for inmate-legal mail procedures, as well as 18 U.S.C. §§ 1701, 1702, and 1703, all in violation of his rights to receive mail under the First, Fourth, and Fourteenth Amendments to the Constitution. [*Id.* at p. 4, 8]. Howard seeks monetary damages. [*Id.* at p. 8].

**II.    Standard**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all well-pleaded facts in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because the plaintiff here is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

A complaint must contain allegations, either expressly stated or necessarily inferred, with respect to every material element necessary to sustain a recovery under some viable legal theory. *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). But the complaint must be dismissed if it undoubtedly fails to allege facts sufficient to state a facially-plausible claim. *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th

Cir. 2012). A complaint may be dismissed for failure to state a claim if "it fails to give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations omitted).

**III.  Analysis**

First, to the extent that Howard's Complaint alleges violations of 18 U.S.C. §§ 1701, 1702, and 1703, these are criminal statutes prohibiting the obstruction of mail and do not give rise to a private cause of action. *See Miles v. Bottom*, 2016 WL 2344222 at *4 (E.D. Ky. 2016)("Because a private citizen lacks a judicially cognizable interest in the criminal prosecution of another, a civil plaintiff has no standing to assert a claim arising under a criminal statute.")(citing *Linda R.S. v. Richard D.*, 410 U.S. 615, 619 (1973); *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)). *See also Woods v. McGuire*, 954 F.2d 388, 391 (6th Cir. 1992)(federal courts have uniformly held that there is no private right of action under 18 U.S.C. § 1703); *Berlin Democratic Club v. Rumsfeld*, 410 F.Supp. 144, 162 (D.D.C. 1976)("Section 1702 is purely a criminal statute and cannot support a civil cause of action.").

Next, although it is not entirely clear given the difficulty of reading Howard's handwriting, it appears that Howard may reference the Fourth and Fourteenth Amendments of the United States Constitution in his Complaint. [R. 1 at p. 8]. However, to the extent that Howard is attempting to suggest that Lackey "seized" his mail in violation of the Fourth Amendment, "the Fourth Amendment does not apply to searches of prison cells or seizures of property within them." *Simmons v. Szelewski*, 642 F. App'x 95, 99 (3d Cir. 2016) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)); *Shakur v. Coelho*, 421 F. App'x 132, 133 (3d Cir. 2011). This is so because "[t]he recognition of privacy rights for prisoners in their individual cells simply cannot be

reconciled with the concept of incarceration and the needs and objectives of penal institutions." *Hudson*, 468 U.S. at 526.

In addition, Howard fails to allege any facts to support a Fourteenth Amendment Claim for violation of his due process or equal protection rights. Generally, *pro se* pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, but it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."); *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F. Supp. 2d 140, 148 (D. Mass. 2003) ("While the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged."). Thus, Howard's failure to allege any facts that would give rise to a Fourteenth Amendment claim is a sufficient reason to dismiss this claim.

Moreover, the Supreme Court has expressly held that where a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the broad rubric of substantive due process. *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."). "A prisoner's right to receive mail is protected by the First Amendment." *Sallier v.*

*Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). *See also Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010)(recognizing that a prisoner's liberty interest in receiving mail is grounded in the First Amendment). Because the First Amendment is the proper vehicle to assert claims of interference with Howard's right to receive mail, his claim under the Fourteenth Amendment fails as a matter of law, and must be dismissed. *See Cooleen v. Lamanna*, 248 F. App'x 357, 362 (3rd Cir. 2007) (viability of claim under Eighth Amendment to challenge medical care of prisoner forecloses availability of substantive due process claim); *Bell v. Johnson*, 308 F.3d 594, 609-10 (6th Cir. 2002) (prisoner's claim that officials retaliated against him for filing grievances was squarely covered by First Amendment, precluding due process claim under Fourteenth Amendment). Thus, to the extent that Howard purports to bring claims against Lackey under the Fourth and Fourteenth Amendment, these claims will be dismissed.

Turning to Howard's First Amendment claim, pursuant to *Bivens,* an individual may "recover money damages for any injuries...suffered as a result of [federal] agents' violation of" his constitutional rights. *See Bivens*, 403 U.S. at 397; *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco & Firearms,* 452 F.3d 433, 438 (6th Cir.2006). However, as Lackey correctly points out, the Supreme Court has repeatedly indicated that a First Amendment claim is not cognizable under *Bivens*. *See Reichle v. Howards*, 132 S. Ct. 2088, 2093 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."); *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)("For while we have allowed a *Bivens* action to redress a violation of the equal protection component of the Due Process Clause of the Fifth Amendment..., we have not found an implied damages remedy under the Free Exercise Clause. Indeed, we have declined to extend *Bivens* to a claim sounding in the First Amendment.")(citations omitted); *Bush v. Lucas*, 462 U.S. 367, 387-89 (1983)(First Amendment retaliation claim was not cognizable under *Bivens*). While the

5

Supreme Court has expressly acknowledged the availability of the remedy for claims arising under the Fourth and Eighth Amendment, it has "consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001).

In *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017), the Supreme Court re-emphasized that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity," explaining

> When a party seeks to assert an implied cause of action under the Constitution itself, just as when a party seeks to assert an implied cause of action under a federal statute, separation-of-powers principles are or should be central to the analysis. The question is "who should decide" whether to provide for a damages remedy, Congress or the courts? *Bush,* 462 U.S., at 380, 103 S.Ct. 2404.
>
> The answer most often will be Congress. When an issue "'involves a host of considerations that must be weighed and appraised,'" it should be committed to "'those who write the laws'" rather than "'those who interpret them.'" *Ibid.* (quoting *United States v. Gilman,* 347 U.S. 507, 512–513, 74 S.Ct. 695, 98 L.Ed. 898 (1954)).

*Id*. at 1857. Given these considerations, the Court explained that "a *Bivens* remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Id*. at 1857 (quoting *Carlson v. Green*, 226 U.S. 14, 18 (1980)).

Lackey has identified several "special factors" that the Court agrees counsel hesitation in extending a *Bivens* remedy to Howard's claims. First, given that the Supreme Court has never recognized a *Bivens* remedy under the First Amendment in any context, the Court is particularly reluctant to recognize one here, in the context of a First Amendment claim for denial of access to the courts based on a single instance of failing to receive legal mail while incarcerated. Moreover, there are "alternative, existing" processes available for protecting Howard's interests in receiving his mail, such as seeking relief in his habeas proceedings pending in the District Court in Illinois and/or through the BOP's administrative remedy process. *See Wilkie v. Robbins*, 551 U.S. 537,

550 (2007). *See also Malesko*, 534 U.S. 61, 69 (2001)("So long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability.")(citation omitted).

In addition, the Court recognizes that, to extend *Bivens* liability in the First Amendment context presented here would impose substantial costs, in both time and money, upon individual officers and employees of the Federal Government. *See Abbasi*, 137 S.Ct. 1856. In the past, Congress has recognized the need to keep frivolous prisoner litigation in federal courts under control by passing the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). Through the PLRA, Congress addressed the challenge of "ensuring that the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit." *Jones v. Bock*, 549 U.S. 199, 203 (2007). Thus, expanding *Bivens* liability in this context requires consideration of the potential imposition of costs upon the government, as well as the risks of an increase of frivolous prisoner litigation. The Court finds that these factors further "counsel hesitation" in extending *Bivens* liability to First Amendment claims, as balancing these public policy concerns is more appropriately addressed by Congress rather than by the Court

For all of these reasons, the Court finds that *Bivens* does not extend to provide an available remedy for Howard's claim under the First Amendment. Accordingly, this claim fails.

Finally, to the extent that Howard alleges that Lackey has violated BOP Program Statement 5800.10 for inmate-legal mail procedures, this claim fails as a matter of law. The BOP's Program Statements are not "laws" which may be broken. Rather, they are merely internal agency guidelines and manuals, and they are not promulgated in compliance with the Administrative Procedures Act. *Reno v. Koray*, 515 U.S. 50, 61 (1995). Accordingly, they do not carry the force

of law and do not create substantive rights that may be enforced by any person. *United States v. Craveiro*, 907 F.2d 260, 264 (1st Cir. 1990); *Schweiker v. Hansen*, 450 U.S. 785, 789 (1981). Because a federal employee's failure to adhere to a Program Statement does not constitute a violation of federal law, any "claim" under a Program Statement fails as a matter of law. *United States v. Loughner*, 782 F. Supp. 2d 829, 831 (D. Ariz. 2011); *Callahan v. Patton*, No. 07-CV-54-JMH, 2007 WL 1662695, at *5 (E.D. Ky. June 4, 2007).

### IV. Conclusion

For all of these reasons, Howard fails to state a claim for which relief may be granted against Lackey. Accordingly, Lackey's motion to dismiss will be granted and Howard's Complaint will be dismissed with prejudice. Because the Court finds that Howard fails to state a claim, it need not reach the statute of limitations argument set forth by Lackey in her motion to dismiss, nor her argument that she is entitled to qualified immunity.

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant's motion to dismiss [R. 22] is **GRANTED**.

2. Plaintiff's complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

Dated March 7, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY